NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0277n.06

No. 14-2134

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 14, 2015
DEBORAH S. HUNT, Clerk

CHRISTOPER JAMES BAILEY,                )
                                        )
    Plaintiff-Appellant,                )
                                        )    ON APPEAL FROM THE UNITED
v.                                      )    STATES DISTRICT COURT FOR
                                        )    THE EASTERN DISTRICT OF
SCOUTWARE, LLC,                         )    MICHIGAN
                                        )
    Defendant-Appellee.                 )


BEFORE: NORRIS, SUTTON, and DONALD, Circuit Judges.


PER CURIAM. Christopher James Bailey appeals the district court's order granting in part and denying in part his motion for attorney fees and costs. In support of his appeal, Bailey filed an affidavit from one of his attorneys. The defendant, Scoutware, LLC, has moved to strike the affidavit and to recover fees and costs associated with filing the motion to strike. Because counsel's affidavit is not part of the district court record and there are no special circumstances that would warrant supplementing the record with the affidavit, we grant the motion to strike, *see United States v. Murdock*, 398 F.3d 491, 499-501 (6th Cir. 2005), but we deny Scoutware's request for an award of fees and costs.

Bailey filed a complaint against Scoutware, alleging that it breached the parties' employment contract and violated Michigan's Whistleblowers' Protection Act by terminating his employment and failing to pay him certain compensation. Bailey sought monetary, declaratory,

and injunctive relief. A jury found in favor of Bailey, awarding him $2,000 for the breach of contract claim and $20,500 for his whistleblower claim.

After the district court entered judgment in his favor, Bailey moved to recover approximately $200,000 in attorney fees and over $17,000 in costs as the prevailing party on the whistleblower claim. The district court granted in part Bailey's motion, concluding that the proper fee award was $25,000.

On appeal, Bailey argues that, in determining the appropriate fee award, the district court used an incorrect methodology and failed to properly assess the relevant factors. "Under both Michigan and federal law, a trial court's award of attorney fees is generally reviewed under the abuse-of-discretion standard." *Shields v. Gov't Emps. Hosp. Ass'n, Inc.*, 490 F.3d 511, 514-15 (6th Cir. 2007). "The district court's factual determinations, on the other hand, are reviewed under the clearly erroneous standard, and its legal interpretations are reviewed de novo." *Id.* at 515.

Where, as here, federal jurisdiction is based on diversity of citizenship, an award of attorney fees is governed by state law. *See Hometown Folks, LLC v. S & B Wilson, Inc.*, 643 F.3d 520, 533 (6th Cir. 2011). Under Michigan law, when calculating a fee award, the trial court must first determine the hourly fee customarily charged in the locality for similar legal services and multiply that fee by the number of hours reasonably expended in the case. *Smith v. Khouri*, 751 N.W.2d 472, 479 (Mich. 2008). The court must then consider whether an adjustment is warranted based on other specified factors, including the professional standing and experience of the attorney, the difficulty of the questions involved and skill needed to perform the legal service properly, and the amount in question and results obtained. *Id.* at 478-80.

Here, despite Bailey's argument to the contrary, the district court used the correct methodology to calculate an appropriate fee award. The court first determined the customary hourly legal fee for the work performed, it multiplied that fee by the hours that it concluded were reasonably expended, and it considered whether any adjustments were warranted. And the court's determination that the proper fee award was $25,000 was not an abuse of discretion. The court rationally concluded that $250 per hour was an appropriate billing rate, given the nature and simplicity of the case and the location and experience of the attorneys involved, and that one hundred hours was a reasonable amount of time to spend litigating the case through trial. It was also reasonable for the district court to conclude that a greater fee award was not warranted on the basis that pretrial matters were unnecessarily protracted, a portion of the fees being requested were for work that was duplicative and unnecessary, and Bailey recovered only a fraction of what he sought.

Accordingly, we affirm the district court's order granting in part and denying in part Bailey's motion for attorney fees and costs.